UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROOSEVELT WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CAUSE NO. 2:13-CV-166-PPS |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Roosevelt Williams was a prisoner at the Westville Correctional Facility when he was found guilty in WCU 12-01-493 of Possessing an Electronic Device in violation of prison rule B-207. As a result, the Disciplinary Hearing Officer docked him 60 days of credit time that he had previously earned. The Conduct Report informed Williams that, "On above date (1-20-12) at approx. 6 pm I was going through Offender Williams (974618) photo albums when I found two micro SD cards in Polaroid pictures. I confiscated the property and turned it into IA [Internal Affairs]." DE 11-1 at 1. So the SD cards were the contraband that got Williams into hot water. An SD card is a "secure digital" card that is an ultra small memory card designed to provide electronic memory in small sizes such as those used in digital cameras.

*See* http://www.webopedia.com/TERM/S/SD_Card.html (Last visited October 5, 2015).

Williams has always denied that the micro SD cards were his. What is odd about this case is that there is no indication that the hearing officer looked at the images on the SD card which presumably he could have readily done. This would have established what

images were on the card to help ascertain which offender it belonged to. What's more, Williams argued that he could prove that the SD cards were not his because the picture album they were found in did not belong to him either. Evidently, they were photos of someone else's family. Williams says that his belongings and the belongings of two other inmates were somehow commingled when they were all searched together as a part of their transfer out the Indiana State Prison.

When Williams was screened on this charge, he requested "Pictures from IA" as physical evidence to prove that he was not guilty. DE 11-3 at 1. The pictures he was requesting were the Polaroid pictures in which the micro SD cards were found. Based on the Conduct Report, quoted above, it appeared as if pictures were part of the confiscated property that was sent to Internal Affairs. Williams "requested the pictures from I.A. to prove that those micro SD cards was not located in his photo albums, thus Mr. Williams family and friends would not have been found in those pictures thus proving Williams claims." DE 1 at 6-7.

As it turned out, the evidence only included the SD cards and not the photos or photo album that the SD cards were found near. DE 11-2. It appears that neither the photo albums nor the Polaroid pictures were confiscated. Williams was unaware of this. Nevertheless, an inmate has the right to present relevant exculpatory evidence. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Here, the requested Polaroid photos were relevant and potentially exculpatory. Though he wrote that he wanted the photos from Internal Affairs, what he really wanted, really needed, and was really asking for were the Polaroid photos.

His mention of Internal Affairs was not a limitation on his request, it was merely an indication of where he reasonably believed the Polaroid photos to be located. It did not matter whether Internal Affairs had them or not. He had the right to request that the hearing officer obtain and consider relevant exculpatory evidence. He made the request, but the photos were neither sought nor reviewed. That was a due process violation. Because he was denied due process, habeas corpus will be granted on this ground.

Williams also raises two other grounds, but neither are additional reasons for granting habeas corpus. He argues that the hearing officer was biased because the hearing was not recorded. "[T]he constitutional standard for impermissible bias is high," *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003), and an adjudicator is entitled to a presumption of "honesty and integrity" absent clear evidence to the contrary. *See id*. Prison disciplinary hearings are not formal and they are not recorded or transcribed. Records of their proceedings are very limited. Due process does not require that testimony be recorded the way it is in a criminal trial. It merely requires that the fact finder provide a written explanation of its findings. *Wolff*, 418 U.S. at 564. Thus the lack of a recording is not proof of bias. Though Williams argues (in Ground Three) that he was denied a written explanation, that requirement is "not onerous" and to satisfy due process "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision." *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). Here, the Disciplinary Hearing Report adequately explains that the reason for finding him guilty was "C/R [conduct report] & photocopies

of evidence support a Class B 207 guilty decision as well as the admission of having a phone."

For these reasons, Williams' petition for writ of habeas corpus [DE 1] is **GRANTED**. The Respondent is **ORDERED** to file documentation by November 19, 2015, showing that the guilty finding in WCU 12-01-493 has been **VACATED** and Roosevelt Williams' earned credit time restored.

**SO ORDERED**.

ENTERED: October 5, 2015.

s/ Philip P. Simon<br>
**PHILIP P. SIMON, CHIEF JUDGE**<br>
**UNITED STATES DISTRICT COURT**